# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

JAMES TYLER HOLZWORTH                                                 PLAINTIFF

v.                                        CIVIL ACTION NO. 4:17CV-P22-JHM

DETECTIVE BRANDON SIMS *et al.*                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff James Tyler Holzworth, a pretrial detainee currently incarcerated in the Daviess County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the complaint but allow Plaintiff to amend.

## I. SUMMARY OF CLAIMS

Plaintiff brings this action against the following Defendants in their official capacities: Brandon Sims, Detective at the Owensboro Police Department; Penny Butler, Case Worker at Child Protective Services; and Emily Neal, Pediatric Forensic Nurse Specialist at the University of Louisville School of Medicine. He also sues Vinod Rao, a Child Abuse Pediatrician at the University of Louisville School of Medicine, but does not indicate in which capacity he sues that Defendant.

As his statement of the case, Plaintiff alleges that on February 18, 2015, while under his watch, one of his girlfriend's children fell and hit his head. Plaintiff reports that he called his girlfriend, who told him "to watch him and put A&O ointment on it!" He claims that soon thereafter, the child "started acting weird So worried I called the emt's, who came and transported us to Owensboro Mercy health hospital." Plaintiff indicates that while the child was taken to be examined, "they put me in a private room, were I met a CPS Worker and a Detective.

I then explained to them what had happened and wrote out a statement of what Happened." He continues, "After that I guess they looked up my record and seen that Ive been in trouble before and started to make accusations of Child abuse! Never in my life have I laid my hands on any Child nor have I ever whipped my own!"

Plaintiff then states, "Almost two years Later after thinking all of that was out of my life and found innocent they Come to my work and arrest me for Criminal abuse 1$^{\underline{st}}$ and assault 1$^{\underline{st}}$. This is affecting me physically and mentally from being the father I am! And on top of that not to mention my Place of employment were Ive been employed for five years!" Plaintiff contends that he is innocent and locked up on false charges which is affecting his mental state.

As relief, Plaintiff seeks monetary and punitive damages; injunctive relief in the form of "expunging my Record and Release Me"; and other relief in the form of "mak[ing] sure no one else is wrongfully Incarcerated."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III. ANALYSIS

## A. *Equitable Relief*

As injunctive relief, Plaintiff seeks release and expungement of his record. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[1] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking immediate release from detention, the § 1983 claim for such relief cannot lie and will be dismissed.

Plaintiff additionally seeks other relief in the form of "mak[ing] sure no one else is wrongfully Incarcerated." Plaintiff, however, has no standing to assert a general request for relief on behalf of others. Therefore, Plaintiff also cannot maintain this form of relief in this action.

## B. *Damages*

Plaintiff does not mention any Defendant by name in his statement of his claims. While the Court has a duty to construe *pro se* complaints liberally, a plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing a defendant with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, a plaintiff must show how each defendant is accountable because the defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the *judgment* of a State court . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.").

4

Plaintiff has not placed Defendants on fair notice of the claims against them, dismissal is warranted.

To the extent, however, that the "CPS worker" and "Detective" Plaintiff mentions with respect to the February 18, 2015, incident are Defendants Butler and Sims, respectively, any claims specific to them that accrued on that date are time-barred. The statute of limitations for § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir.1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. at 388 (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). Because Plaintiff did not file his complaint until February 17, 2017,[2] any claims accruing on February 18, 2015, are untimely and must be dismissed.

As to Plaintiff's claim that two years after the February 2015 incident, "they Come to my work and arrest me for Criminal abuse 1st and assault 1st" and locked him up on false charges, this claim would not be time-barred. However, Plaintiff does not name any Defendant who arrested him. Even presuming for purposes of initial review that Plaintiff is alleging he was

---

[2] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

arrested by Defendant Sims, the complaint fails. Because Plaintiff sues Defendant Sims only in his official capacity, his suit is actually against Defendant Sims' employer, the City of Owensboro. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In this case, Plaintiff fails to meet the second prong of a municipal-liability claim.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff fails to allege a policy or custom of the City of Owensboro that caused his alleged harm. For this reason, the official-capacity claim against Defendant Sims will be dismissed for failure to state a claim upon which relief may be granted.

The Court, however, will allow Plaintiff to amend this claim related to his claim that he was arrested on false charges. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). In the amended complaint, Plaintiff must indicate whether Defendant Sims arrested him, name as a Defendant(s) anyone else he claims was involved in bringing false charges; sue those Defendants in their individual capacities; provide further facts surrounding his claim that he was arrested on false charges; and indicate the case number and status of the proceedings (including whether he has been convicted or acquitted or whether charges are still pending) of the state criminal action for which he alleges he was arrested on false charges.

Finally, as to Defendants Nurse Neal and Dr. Rao[3] of the University of Louisville School of Medicine, it is equivocal whether those Defendants are state actors, state action being an essential element of a § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Even if they were state actors, state officials sued in their official capacities for money damages are not "person[s]" subject to suit under § 1983, *see Will v. Mich. Dep't of State Police*,

---

[3] Plaintiff failed to state the capacity in which he sues Defendant Rao. "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id.* The Court finds that the complaint, the only pleading contained in the record, fails to notify Defendant Rao of the potential for personal liability. The Court, therefore, construes the complaint as asserting only an official-capacity claim against Defendant Rao and will not construe this action as asserting an individual-capacity claim against that Defendant.

491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), and official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the U.S. Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. at 169. Finally, and most importantly, Plaintiff fails to mention Defendants Nurse Neal and Dr. Rao or their employer anywhere in the complaint. For these reasons, the claims against these Defendants must be dismissed.

## IV. ORDER

For the foregoing reasons, and being otherwise sufficiently advised,

**IT IS ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**IT IS FURTHER ORDERED that within 30 days from entry of this Order, Plaintiff may amend the complaint** to name the person or persons involved in claim that he was arrested on false charges; to sue them in their individual capacity; to describe the facts surrounding each Defendant's involvement in his claims; and to indicate the case number and status of the proceedings (including whether he has been convicted or acquitted or whether charges are still pending) of the state criminal action for which he alleges he was arrested on false charges. The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint. The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.

**Plaintiff's failure to file an amended complaint within 30 days will result in the entry of a final Order dismissing the entire action for the reasons stated herein**.

Date: August 2, 2017

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4414.005